UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DENNIS DUNKEL, CY STAPLETON, COLLETTE TAPIA and EUGENE KRICHMAR, on behalf of themselves and all others similarly situated and on behalf of the general public of the United States<br><br>Plaintiffs,<br><br>v.<br><br>EBAY INC.,<br><br>Defendant. | Case No.: 5:12-CV-01452-EJD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Re: Docket Nos. 23, 30]** |

This case arises out of Defendant's alleged suspension of Plaintiffs' eBay accounts for failure to meet Defendant's Seller Performance Standards. Presently before the court are Plaintiffs Dennis Dunkel, Cy Stapleton, Collette Tapia, and Eugene Krichmar's (collectively, "Plaintiffs") Motion for Leave to File a Second Amended Complaint and Defendant Ebay Inc.'s ("Defendant") motion to Dismiss Plaintiffs' First Amended Complaint. Defendant opposes Plaintiffs' Motion for Leave to Amend. Plaintiffs failed to file any opposition to Defendant's Motion to Dismiss, and the deadline for any such opposition has passed. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction and venue are proper because Defendant is a corporation with headquarters in Santa Clara County. The court found these matters suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the

1

Case No.: 5:12-CV-01452-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED
COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

hearing. Having thoroughly reviewed the parties' briefing on these motions, the court DENIES Plaintiff's Motion for Leave and GRANTS Defendant's Motion to Dismiss.

## I. BACKGROUND

### a. Factual Background

Defendant eBay is "the world's largest and most popular person-to-person trading community on the Internet." First Amended Complaint ("FAC") ¶ 13, Dkt. No. 22. Users of Defendant's site are required to agree to the terms of eBay's User Agreement, which "define[s] the rights and obligations of eBay and each respective customer." Id. at ¶ 108-09, 111. Around November 2008, Defendant implemented its Detailed Seller Rating Policy. Dkt. No. 22 ¶ 15. These Detailed Seller Ratings ("DSR") are feedback forms that buyers on eBay can fill out to rate eBay sellers' performance on a one to five star scale based on four criteria: (1) item as described; (2) communication (customer service); (3) shipping time; and (4) shipping and handling charges. Id. at ¶ 15. In April 2010, Defendant also enacted "Seller Performance Standards," which required, inter alia, that an eBay seller's low DSRs (ratings of 1 and 2) not exceed a certain percentage of that seller's total transactions with U.S. buyers, and that all sellers work to minimize the amount of negative and neutral feedback they receive. Id. at ¶¶ 16-17, 19. Defendant warned that failure to comply with the Seller Performance Standards policy could result in account suspension. Id. at ¶ 20. The User Agreement also gives Defendant the right to suspend users in certain instances. Id. at ¶ 37. Plaintiffs allege that, contrary to these policies, Defendant indiscriminately suspends sellers' accounts for "its own policy reasons" and "to reach fixed quota goals." (Id. at ¶ 38, 41).

### b. Procedural Background

Plaintiffs Dennis Dunkel and Cy Stapleton filed this purported class action on March 22, 2012 asserting claims of breach of contract, breach of the implied covenant of good faith and fair dealing, unfair competition in violation of Cal. Bus. & Prof. Code §17200 et seq., money had and received, unjust enrichment, and fraud. See Dkt. No. 1. Plaintiffs seek to represent a class defined as:

2
Case No.: 5:12-CV-01452-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

[a]ll companies and individuals who are unable to sell and/or list its [sic] products on eBay's website because their accounts were closed or limited by eBay and who are interested in pursuing this lawsuit.

Id. at 1.

Defendant filed its first Motion to Dismiss on May 16, 2012. Dkt. No. 17. Plaintiffs did not file an opposition to Defendant's motion, but instead, on June 18, 2012, filed their FAC. Dkt. No. 22. The FAC adds Plaintiffs Colette Tapia and Eugene Krichmar, and alleges that Defendant, by manipulating DSRs, improperly terminated Plaintiffs' accounts. See Dkt. No. 22. The purported class definition and the causes of action remain the same.

Defendant filed its Motion to Dismiss Plaintiffs' First Amended Complaint on July 2, 2012. Dkt. No. 23. Again, Plaintiffs did not file an opposition. Instead, more than a week after the deadline for any such opposition, Plaintiffs filed the instant Motion for Leave to File a Second Amended Complaint. Dkt. No. 30. The proposed SAC does not change any of the allegations or causes of action against Defendant. Rather, the SAC adds two new plaintiffs, Amy and Fred Rickel ("the Rickels"), and asserts twelve new causes of action against PayPal, though Plaintiffs do not formally add PayPal as a defendant. Plaintiffs also now purport to represent a second class, defined as:

[a]ll PayPal, Inc. account holders whose funds have been held by Paypal [sic] or whose accounts were closed, suspended, or limited by PayPal.

Proposed SAC ¶ 116, Dkt. No. 30-3.

This case is the latest in a series of cases filed by Plaintiff's counsel against Defendant and Paypal. This litigation history is highly relevant to the instant Motion for Leave, and thus will be fully detailed below.

### a. Garon, et al. v. eBay Inc.

In December 2010, Plaintiffs' counsel filed an action against Defendant on behalf of several plaintiffs, including the Rickels, alleging that Defendant's implementation of its DSR resulted in sellers with low ratings being excluded from Defendant's website. See Garon, et al. v. eBay Inc.,

3
Case No.: 5:12-CV-01452-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

No. 10-CV-05737, 2011 WL 6329089 (N.D. Cal. Nov. 30, 2011). The plaintiffs pursued claims of antitrust violations under section 2 of the Sherman Act, Cal. Bus. & Prof. Code § 17200 <u>et seq.</u>, tortious interference, trade libel, unjust enrichment, and negligence. <u>See</u> First Amended Complaint, No. 10-CV-05737, Dkt. No. 20. The <u>Garon</u> plaintiffs purported to represent two classes:

> (1) All companies and individuals whose eBay accounts were closed or limited in accordance with eBay's DSR Policy; and
>
> (2) All companies and individuals whose eBay accounts were closed by [eBay] for arbitrary and capricious reasons…."

<u>Garon</u>, 2011 WL 6329089 at *2.

Judge Ware dismissed the plaintiffs' FAC with prejudice on November 30, 2011. <u>Garon</u>, Dkt. No. 41.

### b. <u>Fernando, et al. v. PayPal, Inc.</u>

On April 19, 2010, Plaintiffs' counsel filed <u>Fernando, et al. v. PayPal, Inc.</u> in this district alleging that PayPal[1] failed to provide the plaintiffs with annual error-resolution notices and monthly account statements, failed to accurately credit or debit their accounts, and improperly limited and held funds in their accounts. The plaintiffs in that case, including the Rickels, brought claims for violation of the Electronic Fund Transfer Act, 15 U.S.C. § 1693; violation of the settlement agreement in <u>Comb v. PayPal, Inc.</u>; conversion; money had and received; unjust enrichment; negligence; and breach of the PayPal User Agreement. No. 10-CV-01668 (N.D. Cal.), Dkt. No. 23. The plaintiffs also purported to represent a class defined as:

> all companies and individuals whose PayPal accounts were improperly frozen, limited or debited by Defendant PayPal in violation of the Electronic Funds Transfer Act and in violation of Combs v. PayPal, Inc., 218 F. Supp. 2d 1165 (and the resulting settlement) and who are interested in pursuing this lawsuit.

---

[1] Plaintiffs initially named eBay as a defendant (No. 10-CV-01668 (N.D. Cal.), Dkt. No. 1), but removed eBay from their First Amended Complaint (<u>Id.</u>, at Dkt. No. 23).

1  Fernando, Dkt. No. 23 ¶ 184.

2  On August 31, 2011, this case was deemed related to the Zepeda case, discussed below, under Civil

3  Local Rule 3-12, but the two were not consolidated under Federal Rule of Civil Procedure 42(a).

4  Fernando, Dkt. No. 36; Zepeda v. PayPal, Inc., No. 10-CV-2500 (N.D. Cal), Dkt. No. 61. The case

5  was assigned to Judge Armstrong on September 28, 2011. Id. at Dkt. No. 39. After significant

6  motion practice, the motion hearings and deadlines were vacated because of a pending settlement.

7  Id. at Dkt. No. 52. The remaining procedural history will be discussed below.

### c. Zepeda v. PayPal, Inc.

Less than two months after the Fernando action was filed, separate counsel filed Zepeda v. PayPal, Inc.. See No. 10-CV-2500 (N.D. Cal), Dkt. No. 1. The plaintiffs in that case challenged PayPal's practice of holding funds in PayPal accounts by asserting causes of action for breach of the PayPal User Agreement, breach of fiduciary duty, an accounting, violation of California's Consumers Legal Remedies Act, violation of Cal. Bus. & Prof. Code § 17200, and unjust enrichment. Id. at Dkt. No. 22. The Zepeda plaintiffs sought to represent two classes, which they defined as:

> Nationwide Class: All PayPal, Inc. account holders whose funds have been held by Paypal [sic] or whose accounts were closed, suspended, or limited by PayPal.
>
> Natural Persons Class: All natural persons whose funds have been held by Paypal [sic] or whose accounts were closed, suspended, or limited by PayPal.
>
> Id. at ¶ 57.

PayPal filed a Motion to Dismiss, which the court granted with leave to amend on February 15, 2011. Zepeda, Dkt. No. 49. Thereafter, the parties in Fernando and Zepeda arrived at a class settlement. Dunkel, Decl. of David W. Moon ("Moon Decl.") ¶ 2, Dkt. No. 33-5.

### d. The Proposed Settlement of Fernando and Zepeda

Though a settlement has been tentatively reached in Fernando and Zepeda, it has not been finalized, due at least in part to the conduct of the Fernando plaintiffs and their counsel. Judge Armstrong provided the following summary in her November 27, 2012 Order:

5
Case No.: 5:12-CV-01452-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

1   Following mediation in 2011, PayPal reached tentative settlement agreements in
2   both cases. According to PayPal and the Zepeda plaintiffs, counsel for the Fernando
3   plaintiffs (i.e., Ms. Trubitsky) began reneging on the terms of the settlement and made
4   "seemingly ever changing demands" on behalf of some of her clients. Zepeda, Dkt. 112 at
5   5. As a result, counsel for the Zepeda plaintiffs and Paypal decided to proceed separately
6   with the settlement reached at mediation. Id.

7   Apparently dissatisfied with the decision by PayPal and the Zepeda plaintiffs to
8   proceed with their own settlement without including them, the Fernando plaintiffs began a
9   series of actions seemingly aimed at disrupting the Zepeda settlement. Among other things,
10  on October 3, 2011, the Fernando plaintiffs moved to consolidate the Zepeda and Fernando
11  actions, and to appoint Ms. Trubitsky and Mr. Hicks as interim class counsel. Fernando,
12  Dkt. 40. A week later on October 10, 2011, the Fernando plaintiffs filed a motion to
13  intervene in the Zepeda action and to strike or dismiss the class allegations in Zepeda.
14  Zepeda, Dkt. 66. Alternatively, the motion sought to stay the Zepeda action pending
15  resolution of the Fernando action.

16  The parties thereafter appeared to have resolved their differences, and stipulated to
17  take the motion to intervene off calendar based on the "tentative resolution" between
18  PayPal and the Fernando plaintiffs. Id., Dkt. 75, 76. The tentative resolution was short-
19  lived, however, and each side now blames the other with breaching their proposed
20  settlement. Accordingly, the Zepeda plaintiffs have now filed a Motion for Preliminary
21  Approval of Class Action Settlement Agreement, which is set for hearing on December 4,
22  2012. Zepeda, Dkt. 112. In turn, the Fernando plaintiffs have filed an administrative
23  motion to "restore" their motion to consolidate and motion to intervene to the Court's law
24  and motion calendar. Fernando, Dkt. 79. They request the Court to set the hearing on these
25  motions for December 4, 2012, and further request that the Court resolve their motions
26  prior to adjudicating the Zepeda plaintiff's motion for preliminary approval.

6

Case No.: 5:12-CV-01452-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED
COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

Further complicating matters, Ms. Trubitzky [sic] and Mr. Wood filed a new class action, styled as Dunkel, et al. v. eBay, Inc., No. C 12-1452 EJD ("Dunkel") on March 22, 2012. The Dunkel plaintiffs have moved to intervene in the Zepeda action, allegedly to protect their interests under the proposed settlement. See Zepeda, Dkt. 97; Fernando, Dkt. 79. The Dunkel plaintiffs further seek to stay both the Fernando and Zepeda actions. The motion to intervene was scheduled for hearing on November 13, 2012. PayPal and eBay have filed an administrative motion to consolidate the hearing on the Dunkel plaintiffs' motion to intervene with the other motions scheduled for hearing on December 4, 2012. Zepeda, Dkt. 114.

Fernando, No. 10-CV-1668, Dkt. No. 82 at 2; Zepeda, No. 10-CV-2500, Dkt. No. 122.[2] Judge Armstrong's Order went on to refer the parties to Magistrate Judge Cousins for a mandatory settlement conference, and denied the pending motions without prejudice to renewal in the event the parties failed to come to an agreement at the settlement conference.

## II. PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiffs contend that "while investigating the practices which gave rise to Fernando action [sic]," they discovered that "on many occasions PayPal's freezing of their customers' accounts [i.e. the conduct at issue in the Fernando action] is linked to eBay's decision to terminate those customer's accounts [i.e. the conduct at issue in this action]." Pl. Mt. for Leave to File a SAC 5, Dkt. No. 30. Now Plaintiffs seek leave to file a SAC which "effectively combines all of the claims which are based on this newly discovered evidence." Id.

### a. LEGAL STANDARD

Leave to amend is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires"); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Leave need not be granted, however, where the amendment of

---

[2] The court takes judicial notice of the Fernando and Zepeda dockets and the entries therein (Nos. 10-CV-1668 and 10-CV-2500) pursuant to Federal Rule of Evidence 201(c)(1).

7
Case No.: 5:12-CV-01452-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

Not all of the Rule 15 considerations are created equal; "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing the amendment bears the burden of showing prejudice." In re Fritz Cos. Sec. Litig., 282 F. Supp. 2d 1105, 1109 (N.D. Cal. Aug. 27. 2003) (citing DCD Programs Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)).

### b. Discussion

Defendant argues that Plaintiffs' motion should be denied because Plaintiffs' amendment results from undue delay, is brought in bad faith, would prejudice Defendant, and is a "dilatory tactic." Plaintiffs dispute this characterization. Having fully reviewed the briefing on this motion, as well as the records in Zepeda and Fernando, the court agrees with Defendant.

The court has concerns regarding Plaintiffs' counsel's actions in this matter and finds that this motion may indeed have been brought in bad faith. As Plaintiff concedes, the newly added claims "include[] the claims currently being asserted…in Zepeda…and Fernando." Dkt. No. 30 at 5. Upon review, the court finds that not only do the newly added claims "include" claims from these pending actions, but, aside from the claim for declaratory relief, are in fact completely duplicative of them. Though technically a new claim, the declaratory relief cause of action is based on the exact conduct at issue in Zepeda. Additionally, the newly added class definition is identical, tellingly down to a typographical error, to the class definition in Zepeda.

As noted above, a tentative settlement agreement has been reached in Fernando and Zepeda, and efforts to finalize settlement are ongoing by order of Judge Armstrong. Given the overlap of the proposed claims, each plaintiff in the present action, as delineated by the SAC, would appear to be covered by the class-wide settlement in Fernando and Zepeda. Judge

8
Case No.: 5:12-CV-01452-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

Armstrong has specifically denied the Rickels' request to file an amended complaint in Fernando, and has stated that "any plaintiff that does not wish to be included in the settlement should opt out of the settlement and file a new case if that is what they desire to do." See Fernando, Dkt. No. 59.

Plaintiffs' efforts certainly appear intended to disturb the settlement process in Fernando and Zepeda, and moreover appear to be an effort to circumvent Judge Armstrong's specific order requiring dissatisfied plaintiffs to opt out of the class and bring their individual claims in a new case. It would be inappropriate for Plaintiffs here, whose proposed new claims would render them members of the Fernando and Zepeda classes, to attempt to revive any of these class claims against PayPal in the instant action while a final settlement draws near in the two original actions. In response, Plaintiffs' counsel offers that she has sent over thirty emails to PayPal's counsel in the Fernando action, only to receive an email from PayPals' counsel stating that they would no longer respond to any of her emails. See Trubitsky Decl. ¶ 28. The court finds such an assertion vague and insufficient to rebut the substantial evidence suggesting that Plaintiffs have brought this motion in bad faith.

Plaintiffs' motion also stands to prejudice Defendant and impede judicial economy. Should the court grant it, Defendant will be forced to litigate identical claims in multiple courts. Such an outcome would not only result in unnecessary expense, but would also risk producing conflicting judgments. Courts in this district regularly transfer cases under the "first-to-file" rule in order to avoid such risk. See Church of Scientology v. U.S. Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979) (finding that the purpose of the comity principle is to "avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments"); Bennett v. Bed Bath and Beyond, Inc., No. 11-CV-02220, 2011 WL 3022126, at *1 (N.D. Cal. July 22, 2011) (holding that the case, which was duplicative of an earlier-filed putative class action lawsuit, was subject to transfer under the first-to-file doctrine); Alioto v. Hoiles, No. 04-CV-1395, 2004 WL 2326367, at *6 (N.D. Cal. Oct. 12, 2004) ("the interests of justice and judicial economy favor not allowing two parallel actions to proceed in different federal districts"); Peak v. Green Tree Fin. Serv. Corp., No. 00-CV-0953, 2000 WL 973685, at *2 (N.D. Cal. July 7, 2000) ("The proposed

9
Case No.: 5:12-CV-01452-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

class in both cases is identically defined. The alleged offending behavior ... is the same in both cases. Furthermore, the claims for relief are nearly identical in the two cases. .... The underlying objectives of the first to file rule will be achieved by its application in this case. Though the named plaintiffs are different, the issues presented in this case sufficiently duplicate those presented to the Eastern District in Bigelow to justify dismissing this case. Allowing this case to proceed would both impede judicial efficiency and run a significant risk of conflicting judgments."). The court finds this reasoning to be equally applicable here, where Plaintiffs essentially seek to add a duplicative class action to this case through their proposed SAC.

Having found that Plaintiffs' motion is likely brought in bad faith, and stands to prejudice Defendant and impede judicial efficiency, the court has sufficient grounds on which to deny it. Consideration of the parties' additional arguments on this motion, including undue delay and preclusion, is therefore unnecessary. Accordingly, the court DENIES Plaintiffs' Motion for Leave to File a Second Amended Complaint.

### III. DEFENDANT'S MOTION TO DISMISS

Because the court has denied Plaintiffs' motion for leave, the FAC remains the operative complaint in this action. Therefore, the court now turns to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint.

#### a. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the complaint with sufficient specificity to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 606 F.3d 658, 664 (9th Cir. 2010) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)).

10
Case No.: 5:12-CV-01452-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

## IV. DISCUSSION

Having reviewed Plaintiffs' FAC and Defendant's briefing, the court concludes that Plaintiffs have failed to state a claim. Primarily, Plaintiffs have not met the pleading standard required by Federal Rule of Civil Procedure 8 as outlined in Iqbal and Twombly because they have failed to provide sufficient factual information to support any of their conclusory allegations. This ground alone sufficiently supports a grant of Defendant's Motion to Dismiss. However, because Plaintiffs will have the opportunity to amend most of their claims, the court will address each claim individually.

### a. Breach of Contract

Plaintiffs allege that Defendant has breached a contract with them by, inter alia, shutting down their seller accounts and tampering with their DSR. California contracts in a diversity case "will be interpreted so as to reach the same results as would be reached in a California court." Republic Pictures Corp. v. Rogers, 213 F.2d 662, 664 (9th Cir. 1954). Under California law, a claim for breach of contract requires: "(1) existence of the contract; (2) plaintiff's performance or excuse of nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008).

Plaintiffs allege that they entered into a contract with Defendant by agreeing to Defendant's User Agreement and that under that Agreement, they "made every effort to comply with the

1  MINIMUM SELLER REQUIREMENTS AND THE REQUIREMENTS TO BECOME TOP
2  RATED SELLERS." Plaintiffs further allege that Defendant:

3      breached the provision of the contract pertaining to the MINIMUM SELLER
4      REQUIREMENTS AND THE REQUIREMENTS TO BECOME TOP RATED SELLERS
5      by taking action including, but not limited to:

    a) Indefinitely shutting down Plaintiffs' online stores and businesses for reasons not related to sellers' efforts to comply with the minimum seller requirements;

    b) Refusing to reinstate Plaintiffs' accounts after receiving multiple counter-notices that the negative feedbacks [sic] provided by buyers were baseless.

    c) By removing low detailed seller ratings for some sellers and refusing to do so for others;

    d) By freezing DSRs and posting them all in one lump sum on sellers' dashboard to create an unfair surprise for the sellers;

    e) By intentionally manipulating DSR ratings;

    f) Refusing to assist Plaintiffs with the problems they encountered with buyers, as promised and represented by eBay's feedback Policy.

    g) Cutting off Plaintiffs off [sic] from all communication with current customers with whom Plaintiffs had already entered into transactions.

    h) Disallowing Plaintiffs to complete its [sic] business with its current customers with orders waiting to be filled.

    i) Allowing other sellers to unfairly dictate eBay's performance of the AGREEMENT, thus effectively allowing Plaintiffs no remedy.

Dkt. No. 22 ¶ 116.

Plaintiffs attach as exhibits to their FAC copies of Defendant's Seller Performance Standards (Ex. A), an article from Defendant's "Help" section entitled "Becoming a Top-rated seller" (Ex. B), and an article from Defendant's "Help" section entitled "When eBay may remove or adjust Feedback" (Ex. C).

First, Plaintiffs have failed to sufficiently allege the existence of a contract between themselves and Defendant. Though Plaintiffs reference the eBay User Agreement throughout their complaint, they fail to attach it as an exhibit, and do not specify that it constitutes the contract at issue in their breach of contract claim. Plaintiffs do allege that the "MINIMUM SELLER REQUIREMENTS AND THE REQUIREMENTS TO BECOME TOP RATED SELLERS" are the "operative contractual documents of eBay's AGREEMENT with its customers." However, they fail to allege which documents these capitalized terms actually refer to. If Plaintiffs intended their attached exhibits to serve as proof of a contract between themselves and Defendant, they failed to allege how these "Help" section articles constitute any such contract. Without identifying any specific document, Plaintiffs have failed to allege the first element of a breach of contract claim.

Even if Plaintiffs had properly alleged that the attached exhibits constituted a contract or otherwise pointed to a contract, their claim would still fail because they did not allege which provisions of this contract Defendant has breached. "In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached." Young v. Facebook, Inc., 790 F.Supp. 2d 1110, 1117 (N.D. Cal. 2011) (citing Miron v. Herbalife Int'l Inc., 11 Fed. App'x 927, 929 (9th Cir. 2001). While Plaintiffs include a laundry list of complaints regarding Defendant's alleged breach, they fail to show what provision, if any, of the "MINIMUM SELLER REQUIREMENTS AND THE REQUIREMENTS TO BECOME TOP RATED SELLERS" created a duty covering Defendant's actions or prohibited any of Defendant's alleged conduct. Without these factual allegations, Plaintiffs' claim must fail. See Zepeda v. PayPal, 777 F. Supp. 2d 1215, 1220 (N.D. Cal. 2011) (dismissing the plaintiffs' breach of contract claim against PayPal because Plaintiffs failed to identify any provision in PayPal's user agreement which prohibited PayPal's alleged conduct, and because PayPal's user agreement included two provisions which expressly permitted PayPal's conduct); Woods v. Google, Inc., No. 5:11-CV-1263, 2011 WL 3501403, *5 (N.D. Cal. Aug. 10, 2011) (dismissing a breach of contract claim because the plaintiffs failed to show that Google breached any actual promise in its Help Center statements).

13

Case No.: 5:12-CV-01452-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

### b. Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs next allege that Defendant has breached the implied covenant of good faith and fair dealing by soliciting Plaintiffs with promises of coaching and actually coaching Plaintiffs regarding their eBay accounts, provided they met the minimum seller requirements, only to then "unilaterally, indefinitely shut[] down their accounts;" by cutting Plaintiffs off from all communication with current customers; by allowing third parties to control Defendant's performance under the agreement; and by failing to remove negative feedback from Plaintiffs' accounts. Defendant contends that this claim must be dismissed because it is not sufficiently pleaded and because it is superfluous to the breach of contract claim. The court agrees.

"The obligations imposed by the covenant of good faith and fair dealing are not those set out in the term of the contract itself, but rather are obligations imposed by law governing the manner in which the contractual obligations must be discharged-fairly and in good faith." Koehrer v. Sup. Ct., 181 Cal.App.3d 1155, 1169 (Cal. Ct. App. 1986). However, the contours of any party's duty under the covenant, as well as any conduct prohibited by the covenant, are determined by the purposes and terms of the contract at issue. See Inter-Mark USA, Inc. v. Intuit, Inc., No. 07-CV-04178, 2008 WL 552482, *7 (N.D. Cal. Feb. 27, 2008) (quoting Commercial Union Assurance Cos. v. Safeway Stores, Inc. 26 Cal.3d 912, 918 (Cal. Cpt. App. 1980) and Carma Developers, Inc. v. Marathon Dev. Cal., Inc., 2 Cal.4th 342, 373 (1992)). Therefore, "[i]n order to state a claim for breach of an implied covenant of good faith and fair dealing, the specific contractual obligation from which the imposed covenant of good faith and fair dealing arose must be alleged." Inter-Mark USA, 2008 WL 552482 at *6. Just as with their breach of contract claim, Plaintiffs have failed to cite any specific provision of the alleged contract which gives rise to the implied covenant. Plaintiffs' conclusory allegation that "eBay breached his [sic] obligation under the implied covenant" does not constitute a well-pleaded factual allegation sufficient to support their claim. Dkt. No. 22 ¶ 124. For this reason alone, Plaintiffs' second cause of action must be dismissed.

Even if Plaintiffs had satisfactorily alleged a contract provision giving rise to the implied covenant, their claim would still fail because it is superfluous to their breach of contract claim. To state a claim for breach of the implied covenant, a plaintiff must show "that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 22 Cal. App. 3d 1371, 1395 (Cal. Ct. App. 1990). "If the allegations in a breach of implied covenant claim do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." Malcolm v. JP Morgan Chase Bank, N.A., No. 09-CV-4496, 2010 WL 934252, *6 (N.D. Cal. Mar. 15, 2010) (quoting Schulken v. Wash. Mut. Bank, No. 09-CV-02708, 2009 WL 4173525 (N.D. Cal. Nov. 19, 2009)). The conduct Plaintiffs rely on—Defendant's shutting down their accounts, cutting off their communication with customers, and manipulating DSR—are duplicative of the alleged conduct in their breach of contract claim. Without additional factual allegations regarding some conduct on the part of Defendant separate from the conduct at issue in the breach of contract claim, Plaintiffs cannot support their claim for breach of implied covenant. See Zepeda, 777 F. Supp. 2d at 1221 (dismissing breach of the implied covenant claim because the plaintiffs' allegations supporting this claim were the same as those supporting their breach of contract claim).

### c. Unfair Competition

California's Unfair Competition Law ("UCL") makes actionable any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability." Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009). Plaintiffs' third cause of action for unfair competition in violation of the UCL includes claims under the law's "unlawful" and "fraudulent" prongs. The court will address each of these claims separately.

First, Plaintiffs allege under the "unlawful" prong that Defendant has violated the UCL because Defendant's conduct constitutes breach of contract, breach of fiduciary duty, and unjust

enrichment. "Unlawful" practices are "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Super. Ct., 27 Cal.App.4th 832, 838 (1999). Because the court dismisses Plaintiffs' breach of contract and unjust enrichment claims in this Order, Plaintiffs' UCL claim must also be dismissed to the extent it relies on them. See Lomely v. JP Morgan Chase Bank, Nat. Ass'n, No. 12-CV-1194, 2012 WL 4123403 (N.D. Cal. Sept. 17, 2012) (dismissing a UCL "unlawful" prong claim because the predicate claim on which it relied had also been dismissed). To the extent that Plaintiffs rely on any breach of fiduciary duty to support their UCL claim, that claim must also fail because Plaintiffs have not alleged that Defendant owes them a fiduciary duty, an essential element of any such claim. See Zepeda v. OneWest Bank FSB, No. 11-CV-00777, 2011 WL 6182951, *6 (N.D. Cal. Dec. 13, 2011) (setting forth the elements for a breach of fiduciary duty claim).

Second, Plaintiffs allege that Defendant's business practices "are fraudulent in that they are likely to deceive consumers into believing that they would be able to trade on eBay in accordance with their AGREEMENT and without any other limitations, when in fact, eBay does not allow numerous sellers to trade on its platform," and that Defendant's wrongful business practices constitute a continuing course of conduct of unfair competition. Dkt. No. 22 ¶¶ 129, 131. Insofar as Plaintiffs' UCL claim is grounded in allegations of fraud, such allegations must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b). Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). Put simply, the complaint must allege "the who, what, when, where, and how" of the alleged fraudulent conduct. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997). To state a claim under the "fraudulent" prong of the UCL, a plaintiff must allege that the challenged practice is likely to deceive members of the public. Bardin v. Daimlerchrysler Corp., 136 Cal. App. 4th 1255, 1274 (Cal. Ct. App. 2006). Although a UCL claim need not plead the elements of common law fraudulent deception, it must allege the existence of a duty to disclose (Berryman v. Merit Prop. Mgmt., Inc., 152 Cal.App.4th 1544, 1557 (2007)), and reliance (In re Tobacco II Cases, 46 Cal.4th 298, 328 (Cal. Ct. App. 2009)).

Here, Plaintiffs include no factual allegations to support their UCL fraud claim, let alone factual allegations sufficient to satisfy Rule 9(b).  Plaintiffs have not identified any particular statement or practice on the part of Defendant on which they base their claim, let alone any statement or practice having the likelihood to deceive the public. Nor have they alleged that Defendant had any duty to disclose or any reliance on Defendant's misrepresentations.  Plaintiffs' claim for fraudulent business practices under the UCL therefore must fail.

### d. Money Had and Received

California courts have held that when a common count is used as an alternative claim seeking the same recovery demanded in a specific cause of action based on the same facts, the common count may be dismissed if the cause of action is dismissed. McBride v. Boughton, 123 Cal.App.4th 379, 394–95 (Cal. Ct. App. 2004).  Here, Plaintiffs' claim for "money had and received" seems to be nothing more than a reiteration of their demand for compensatory and other damages.  Because the court dismisses each of Plaintiffs' claims, this alternative claim is also dismissed.

### e. Unjust Enrichment

Defendant argues that the Plaintiffs' unjust enrichment claim must fail because such a cause of action does not exist.  The court agrees.  "Courts consistently have held that unjust enrichment is not a proper cause of action under California law." In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig., 754 F.Supp.2d 1145, 1194 (C.D. Cal. 2010). "Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself." Melchior v. New Line Prods., Inc., 106 Cal.App.4th 779, 793 (Cal. Ct. App. 2003). "Simply put, 'there is no cause of action in California for unjust enrichment.'" In re Toyota Motor Corp., 754 F.Supp.2d at 1194 (citing Melchior, 106 Cal.App.4th at 793).  Since Plaintiffs' claim for unjust enrichment cannot state a claim for relief, it will be dismissed without leave to amend.

17

Case No.: 5:12-CV-01452-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

### f. Fraud

Plaintiffs allege that Defendant committed fraud by applying its DSR policy inconsistently to sellers, by failing to advise them "of eBay's true reasons for shutting down their accounts" and by intentionally manipulating their rankings and then refusing any chance for rehabilitation. Dkt. No. 22 ¶¶ 146-47. As noted above, Federal Rule of Civil Procedure 9(b) requires a claim for fraud to be pled with particularity. Under the heightened standard, a plaintiff alleging fraud must set forth the "who, what, when, where, and how of the misconduct charged." Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted); Saldate v. Wilshire Credit Corp., 686 F. Supp. 2d 1051, 1065 (E.D. Cal. 2010) (holding that, when asserting a fraud claim against a corporation, the plaintiff 'must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written"). Furthermore, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." Decker v. Glenfed, Inc. (In re Glenfed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), superseded by statute on other grounds.

Again, Plaintiffs have failed to lodge any factual allegations which could support their cause of action. Though they allege that Defendant failed to apply its DSR policy uniformly, intentionally manipulated seller ratings, and failed to provide rehabilitation for bad ratings, Plaintiffs do not include any specific facts related to the "who, what, when, where, and how" of these allegations. See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989) (finding that "mere conclusory allegations of fraud are insufficient" to state a claim under Rule 9(b)). Moreover, Plaintiffs have failed to allege that the statement that they relied on— presumably, that Defendant requires all users to meet the minimum seller requirements—was in any way false. Because Plaintiffs have failed to include any specific factual allegations in their claim, it must be dismissed. See Ireland v. Centralbanc Mortg. Corp., No. 12-CV-02991, 2012 WL 4181418, *8 (N.D. Cal. Sept. 18, 2012) (dismissing a fraud claim because the plaintiffs "failed to

18

Case No.: 5:12-CV-01452-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS

state the details of the misrepresentation…indicate why that defendant knew the statement was false, or allege why Plaintiffs' reliance on the misrepresentation was justifiable").

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for Leave to File a Second Amended Complaint, and GRANTS Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint. Claims 1, 2, 3, 4, and 6 are DISMISSED with leave to amend. Claim 5 is DISMISSED without leave to amend. Plaintiffs shall file any amended complaint within 30 days of the date this Order is filed.

**IT IS SO ORDERED**

Dated: January 31, 2013



EDWARD J. DAVILA
United States District Judge

19
Case No.: 5:12-CV-01452-EJD
ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; GRANTING DEFENDANT'S MOTION TO DISMISS