**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DENNIS DUNKEL, CY STAPLETON, COLLETTE TAPIA and EUGENE KRICHMAR, on behalf of themselves and all others similarly situated and on behalf of the general public of the United States<br><br>         Plaintiffs,<br><br>  v.<br><br>EBAY INC.,<br><br>         Defendant. | Case No.: 5:12-CV-01452-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br><br>**[Re: Docket Nos. 53, 54, 57, 64]** |

Presently before the court is Defendant Ebay Inc.'s ("Defendant") Motion to Dismiss Plaintiffs' Dennis Dunkel, Cy Stapleton, Collette Tapia, and Eugene Krichmar's (collectively, "Plaintiffs") Second Amended Complaint. The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction and venue are proper because Defendant is a corporation with headquarters in Santa Clara County. The court found these matters suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. After carefully reviewing the parties' briefing, and for the following reasons, the court GRANTS Defendant's Motion to Dismiss without leave to amend.

\\

\\

1

## I.     BACKGROUND

### a.  Factual Background

This case arises out of Defendant's alleged suspension of Plaintiffs' eBay accounts for failure to meet Defendant's Seller Performance Standards. Defendant eBay is "the world's largest and most popular person-to-person trading community on the internet." Second Amended Complaint ("SAC") at ¶ 15, Docket Item No. 53. The users of Defendant's site must agree to the terms of its User Agreement, which "define[s] the rights and obligations of eBay and each respective customer." Id. at ¶¶ 134-136, Dkt. No. 53. In November 2008, Defendant implemented its Detailed Seller Rating Policy. Id. at ¶ 17. These Detailed Seller Ratings ("DSR") are feedback forms that buyers on eBay can fill out to rate the performance of eBay sellers on a one to five scale based on the following criteria:  (1) item described; (2) communication (customer service); (3) shipping time; and (4) shipping and handling charges. Id. at ¶ 17. In April 2010, Defendant also enacted the "Seller Performance Standards," which lists the "minimum performances standards that all sellers are required to meet to sell on eBay." Id. at ¶ 18. The Seller Performance Standards require, inter alia, that the number of 1 and 2 ratings that eBay sellers receive on their DSRs from U.S. buyers not exceed a certain percentage of their total transactions. Id. at ¶ 19. Ebay sellers are also expected to minimize the amount of negative and neutral feedback they receive. Id. at ¶ 21. Defendant warned that failure to comply with the Seller Performance Standards policy could result in the suspension of the seller's account. Id. at ¶ 22. Defendant also has a "Top-Rated Seller Benefits" program, which gives sellers certain benefits when ratings of 1 or 2 do not exceed a percentage of 0.50. Id. at ¶¶ 25-27. The User Agreement gives Defendant the right to suspend user accounts under certain conditions. Id. at ¶ 39. Plaintiffs allege that, contrary to these policies, Defendant indiscriminately suspends sellers' accounts for "its own policy reasons" and "to reach fixed quota goals." Id. at ¶¶ 36, 40.

### b.  Procedural Background

Plaintiffs Dennis Dunkel and Cy Stapleton filed this purported class action on March 22, 2012 asserting claims of breach of contract, breach of implied covenant of good faith and fair dealing, unfair competition in violation of Cal. Bus & Prof. Code § 17200 et seq., money had and

2

Case No.: 5:12-CV-01452-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

received, unjust enrichment, and fraud. Plaintiffs' Class Action Complaint ("Compl.") at ¶¶ 31-125, Docket Item No. 1. Through this original Complaint, the named plaintiffs sought to represent a class defined as:

> [a]ll companies and individuals who are unable to sell and/or list its [sic] products on eBay's website because their accounts were closed or limited by eBay and who are interested in pursuing this lawsuit.

Compl. at ¶¶ 1, 22, Dkt. No. 1.

Defendant filed its first Motion to Dismiss on May 16, 2012. <u>See</u> Defendant's Motion to Dismiss ("MTD"), Docket Item No. 17. Plaintiffs did not file an opposition to Defendant's motion, but instead, on June 18, 2012, filed their First Amended Complaint. <u>See</u> First Amended Complaint ("FAC"), Docket Item No. 22. In the FAC, Plaintiffs added Colette Tapia and Eugene Krichmar as plaintiffs and alleged that Defendant, by manipulating DSRs, improperly terminated Plaintiffs' accounts. <u>See id.</u> The purported class definition and the causes of action remained the same.

Defendant filed its Motion to Dismiss Plaintiff's FAC on July 2, 2012. Docket Item No. 23. Again, Plaintiffs did not file an opposition. Instead, more than a week after the deadline for such an opposition, Plaintiffs filed their Motion for Leave to File a Second Amended Complaint. <u>See</u> Motion for Leave to File a Second Amended Complaint ("MLSAC"), Docket Item No. 30. In the proposed Second Amended Complaint, Plaintiffs did not change any of the allegations or the causes of action against Defendant. Rather, Plaintiffs added Amy and Fred Rickel as plaintiffs and asserted twelve new causes of action against PayPal, though Plaintiffs did not formally add PayPal as a defendant. Plaintiffs also purported to represent a second class, defined as:

> [a]ll PayPal, Inc. account holders whose funds have been held by Paypal [sic] or whose accounts were closed, suspended, or limited by PayPal.

Dkt. No. 30-3 at ¶ 116.

On January 31, 2013, this court denied Plaintiffs' MLSAC on the grounds that it was likely brought in bad faith, stood to prejudice Defendant, and would likely impede judicial economy. <u>See</u> Order Denying Plaintiffs' Motion For Leave to File A Second Complaint ("Order"), Docket Item No. 52. In that Order, the court also granted Defendant's pending Motion to Dismiss Plaintiffs'

Case No.: 5:12-CV-01452-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1   FAC. Order at 19: 4-8, Dkt. No. 52. The court dismissed with prejudice Plaintiffs' unjust

2   enrichment claim and dismissed with leave to amend Plaintiffs' breach of contract, breach of the

3   implied covenant of good faith and fair dealing, UCL, money had and received, and fraud claims.

4   Id.

5          Plaintiffs filed their SAC on March 4, 2013. See SAC, Dkt. No. 53. In this SAC, Plaintiffs

6   remove the unjust enrichment cause of action. However, the other allegations or causes of action

7   against Defendant remain largely the same: breach of contract, breach of the implied covenant of

8   good faith and fair dealing, violations of the UCL, money had and received, and fraud. See id.

9   Further, despite the court's denial of Plaintiffs' MLSAC, Plaintiffs again assert causes of action

10  against PayPal but do not formally add PayPal as a Defendant. SAC at 1: 17-21, Dkt. No. 53.

11  Plaintiffs again purport to represent a second class, defined as:

12         [a]ll PayPal, Inc. account holders whose funds have been held by PayPal [sic] or whose

13         accounts were closed, suspended, or limited by PayPal.

14  SAC at ¶ 120, Dkt. No. 53.

15         Defendant filed its Motion to Dismiss Plaintiffs' SAC on March 18, 2013. See Defendant's

16  Motion to Dismiss Plaintiffs' Second Amended Complaint ("MTDSAC"), Docket Item No. 54.

17  Plaintiffs filed their Opposition to Defendant's Motion to Dismiss SAC on April 8, 2013. See

18  Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Opp'n"), Docket Item No. 57.

19  Defendant filed its Reply on April 22, 2013. See Reply in Support of Defendant's Motion to

20  Dismiss Plaintiffs' SAC ("Reply"), Docket Item No. 64. The court now turns to the substance of

21  that Motion.

22  **II.     LEGAL STANDARD**

23         Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the

24  complaint with sufficient specificity to "give the defendant fair notice of what the … claim is and

25  the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a

26  complaint fall shorts of the Rule 8(a) standard, it may be dismissed for failure to state a claim upon

27  which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is "proper only

28  where there is no cognizable legal theory or an absence of sufficient facts alleged to support a

4

1  cognizable legal theory." <u>Shroyer v. New Cingular Wireless Servs., Inc.</u>, 622 F. 3d 1035, 1041 (9th

2  Cir. 2010) (quoting <u>Navarro v. Block</u>, 250 F. 3d 729, 732 (9th Cir. 2001)).

3      The court must accept as true all of the factual allegations contained in the complaint.

4  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). However, the factual allegations "must be enough to

5  raise a right to relief above the speculative level" such that the claim "is plausible on its face."

6  <u>Twombly</u>, 550 U.S. at 556-57. "A claim has facial plausibility when the plaintiff pleads factual

7  content that allows the court to draw the reasonable inference that the defendant is liable for the

8  misconduct alleged." <u>Id.</u> Plausibility requires "more than a sheer possibility that a defendant has

9  acted unlawfully." <u>Id.</u>

10  **III.    DISCUSSION**

11      After carefully reviewing Plaintiffs' SAC and the parties' briefing on the instant motion, the

12  court concludes that Plaintiffs have failed to state a claim. The pleading standard required by

13  Federal Rule of Civil Procedure 8 as detailed in <u>Twombly</u> and <u>Iqbal</u> has not been met. Plaintiffs

14  have failed to provide sufficient factual information to support any of their conclusory allegations.

15      **a.  Breach of Contract**

16      This court previously dismissed Plaintiffs' breach of contract claim for two reasons. First,

17  Plaintiffs failed to sufficiently allege the existence of a contract between themselves and

18  Defendants. Second, even presuming the existence of a contract, Plaintiffs failed to adequately

19  allege a breach. While Plaintiffs include additional allegations in the SAC, they have not remedied

20  all of the deficiencies identified by the court.

21      California contracts in diversity cases "will be interpreted so as to reach the same results as

22  would be reached in a California court." <u>Republic Pictures Corp. v. Rogers</u>, 213 F. 2d 662, 664

23  (9th Cir. 1954). Under California law, a claim for breach of contract requires: "(1) existence of the

24  contract; (2) plaintiff's performance or excuse of non-performance; (3) defendant's breach; and (4)

25  damages to plaintiff as a result of the breach." <u>CDF Firefighters v. Maldonado</u>, 158 Cal. App. 4th

26  1226, 1239 (2008).

27      Previously, the court found that Plaintiffs had not adequately alleged the existence of a

28  contract with Defendant because they failed to attach the User Agreement to the Complaint, to

5

1   specify whether the User Agreement or any part of it constitutes a contract, and to adequately

2   allege how the "Help" section articles constituted a contract. Order at 13: 1-9, Dkt. No. 52. In their

3   SAC, Plaintiffs do attach as exhibits copies of Defendant's User Agreement (Ex. A), an article

4   from Defendant's "Help" section entitled "Seller Performance Standards" (Ex. B), an article from

5   Defendant's "Help" section entitled "When eBay May Remove or Adjust Feedback" (Ex. C), an

6   article from Defendant's "Help" section entitled "Becoming a Top-rated Seller" (Ex. D), and an

7   email from Plaintiff Collete Tapia (Ex. E). Plaintiffs allege they entered into a contract with

8   Defendant by agreeing to Defendant's User Agreement and that the "User Agreement is lawful,

9   enforceable, and binding upon the Parties as it satisfies all the elements necessary for formation of

10  a valid contract." SAC at ¶ 133, Dkt. No. 53. Additionally, Plaintiffs allege that the "Agreement

11  and all the web pages located on eBay's website, including the web-pages contained in Exhibits

12  'B,' 'C' and 'D' together with any and all other policies/provisions/terms/rules that are linked to

13  the Agreement and eBay Privacy Policy collectively[…]" constitute a contract. SAC at ¶ 132, Dkt.

14  No. 53. Although Plaintiffs have remedied some of the deficiencies identified by the court by

15  attaching the User Agreement and "Help" articles, they still fail to properly allege the existence of

16  an agreement, particularly in how the "Help" pages are incorporated into the User Agreement or

17  how the "Help" articles themselves constitute a contract. See Woods v. Google, Inc., No. 5:11-CV-

18  1263, 2011 WL 3501403, *3- *6 (dismissing a breach of contract claim because the plaintiffs

19  failed to show the help center statements were incorporated into the agreement).

20          As to the element of breach, the court previously found that Plaintiffs claim failed because

21  they did not allege which provisions of the contract Defendant breached. Here, Plaintiffs allege that

22  Defendant breached "[e]ach and every provision of the Contract as they are contained in Exhibits

23  'B,' 'C' and 'D' (MINIMUM SELLER REQUIREMENTS AND THE REQUIREMENTS TO

24  BECOME TOP RATED [SELLERS])." Id. at ¶ 141. In other words, Plaintiffs allege that

25  Defendant breached the "Help" articles. Plaintiffs also point to a number of other breaches,

26  alleging that Defendant:

27          • "cut[] off Plaintiffs … from all communication with buyers with whom Plaintiffs

28              had already entered into transactions" Id. at ¶ 151;

6

- "disallowed Plaintiffs … to complete its business with its current customers with orders waiting to be filled" Id.;

- "refused to reinstate Plaintiffs' accounts after receiving multiple counter-notices that the negative feedbacks [sic] provided by buyers are baseless" Id. at ¶152.

- "froze DSRs and posted them all in one lump sum on sellers' dashboard" Id.;

- "refused to assist Plaintiffs with the problems they encountered with buyers, as promised and represented by eBay's feedback Policy" Id.; and

- "suspend[ed] Plaintiffs … for their failure to meet the minimum performance standards without any reasonably belief that Plaintiffs … failed to meet those standards through any act of their own." Id. at ¶ 154.

These allegations do not address the concerns previously raised by the court. "In an action for breach of a written contract, a plaintiff must allege the specific provisions in the contract creating the obligation the defendant is said to have breached." Young v. Facebook, Inc., 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011) (citing Miron v. Herbalife Int'l Inc., 11 Fed. App'x 927, 929 (9th Cir. 2001); see also Zepeda v. PayPal, 777 F. Supp. 2d 1215, 1220 (N.D. Cal. 2011) (dismissing the plaintiff's breach of contract claim against PayPal because Plaintiffs failed to identify any provision in PayPal's user agreement which prohibited PayPal's alleged conduct, and because PayPal's user agreement included two provisions which expressly permitted PayPal's conduct). As Plaintiffs have not adequately alleged that the "Help" articles are included in the contract between themselves and Defendant, their allegations that Defendant acted contrary to these articles do not suffice to state a breach. In addition, Plaintiffs fail to tie the other breaches they identify to any specific provision of the User Agreement. Id. at ¶¶ 151, 152, 154. As Plaintiffs have failed to identify both the existence of a contract and the relevant provision breached as previously instructed by the court, the court DISMISSES their breach of contract claim without leave to amend.

**b.  Breach of the Implied Covenant of Good Faith and Fair Dealing**

This court previously dismissed Plaintiffs' breach of the implied covenant of good faith and fair dealing claim for two reasons. First, Plaintiffs failed to cite any specific provision of the

7

**United States District Court**
For the Northern District of California

1  alleged contract giving rise to the implied covenant. Second, even assuming that Plaintiffs had

2  satisfactorily alleged there was a contract provision giving rise to the implied covenant, the

3  covenant claim was superfluous to their breach of contract claim. Here, Plaintiffs' breach of

4  implied covenant claim again fails for the same reasons.

5          "The obligation imposed by the covenant of good faith and fair dealing are not those set out

6  in the term of the contract itself, but rather are obligations imposed by law governing the manner in

7  which the contractual obligations must be discharged—fairly and in good faith." <u>Koehrer v. Super.</u>

8  <u>Ct.</u>, 181 Cal. App. 3d 1155, 1169 (Cal. Ct. App. 1986). However, the contours of any party's duty

9  under the covenant, as well as any conduct prohibited by the covenant, are determined by the

10  purpose and terms of the contract at issue. <u>See</u> <u>Inter-Mark USA, Inc. v. Intuit, Inc.</u>, No. 07-CV-

11  04178, 2008 WL 552482, *7 (N.D. Cal. Feb. 27, 2008) (quoting <u>Commercial Union Assurance</u>

12  <u>Cos. v. Safeway Stores, Inc.</u>, 26 Cal. 3d 912, 918 (1980) and <u>Carma Developers, Inc. v. Marathon</u>

13  <u>Dev. Cal., Inc.</u>, 2 Cal. 4th 342, 373 (1992)). Therefore, "[i]n order to state a claim for breach of an

14  implied covenant of good faith and fair dealing, the specific contractual obligation from which the

15  imposed covenant of good faith and fair dealing arose must be alleged." <u>Inter-Mark USA</u>, 2008

16  WL 552482 at *6.

17          In their SAC Plaintiffs once again fail to cite any specific provisions of the alleged contract

18  that give rise to the implied covenant. Plaintiffs allege that: "[i]mplied in Agreement [sic] between

19  Plaintiffs and eBay was a covenant by eBay that they would act in good faith and fair dealing with

20  Plaintiffs, and would do nothing to interfere with, or to deprive Plaintiffs of the benefits it [sic] was

21  entitled to under the Agreement." SAC at ¶ 162, Dkt. No. 53. Plaintiffs further allege that

22  Defendant "breached his [sic] obligation under the implied covenant" by, for example, suspending

23  their accounts in an arbitrary fashion; cutting Plaintiffs off from all communication with current

24  customers; allowing third parties to control Defendant's performance; and failing to remove

25  negative feedback from Plaintiffs' accounts. <u>Id.</u> at ¶ 170. Plaintiffs frame their allegations in the

26  SAC with the exact same language as in the FAC, language which this court found insufficient.

27  Plaintiff has made no effort to rectify the deficiency identified by the court. Moreover, even if

28  Plaintiffs had identified a relevant contractual term, the court agrees with Defendant that the claim

8

United States District Court
For the Northern District of California

1  nevertheless must fail because both the User Agreement and the Seller Performance Standards

2  expressly grant Defendant the right to suspend Plaintiffs' accounts for their failure to meet the

3  stated standards. Id. at ¶ 163. "We are aware of no reported case in which a court has held the

4  covenant of good faith may be read to prohibit a party from doing that which is expressly permitted

5  by an agreement." Carma Developers, Inc., 2 Cal. 4th at 374. For this reason, the court

6  DISMISSES Plaintiffs' breach of the covenant of good faith and fair dealing claim without leave to

7  amend.

8      **c.  Fraud**

9      Plaintiffs allege that Defendant committed fraud by making false and misleading

10 representations to Plaintiffs when representing that all sellers have to meet the same minimum

11 requirements and by failing to uniformly apply these standards. SAC at ¶ 195, 198, Dkt. No. 53.

12 Plaintiffs also allege that Defendant failed to advise Plaintiffs of Defendant's true reasons for

13 closing their accounts, intentionally manipulated their rankings, and failed to give them the

14 opportunity for rehabilitation. Id. at ¶ 201. The court previously dismissed the fraud claim because

15 Plaintiffs failed to allege any factual allegations to support their cause of action. Federal Rule of

16 Civil Procedure 9(b) requires a claim of fraud to be pled with particularity. Under this heightened

17 standard, a plaintiff alleging fraud must set forth the "who, what, when, where, and how of the

18 misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F. 3d 1097, 1106 (9th Cir. 2003)

19 (internal quotations omitted); Saldate v. Wilshire Credit Corp., 686 F. Supp. 2d 1051, 1065 (E.D.

20 Cal. 2010) (holding that, when asserting a fraud claim against a corporation, the plaintiff "must

21 allege the names of the persons who made the allegedly fraudulent representations, their authority

22 to speak, to whom they spoke, what they said or wrote, and when it was said or written"").

23 Furthermore, "[t]he plaintiff must set forth what is false or misleading about a statement, and why

24 it is false." In re Glenfed, Inc. Sec. Litig., 42 F. 3d 1541, 1548 (9th Cir. 1994) (en banc),

25 superseded by statute on other grounds, Private Securities Litigation Reform Act of 1995, 15

26 U.S.C. § 78u-4, as stated in SEC v. Todd, 642 F. 3d 1207, 1216 (9th Cir. 2011). Plaintiffs' claim

27 for fraud is unchanged from the FAC and, again, fails to lodge sufficient factual allegations to

28

Case No.: 5:12-CV-01452-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

support their cause of action.[1] For this reason, the court DISMISSES Plaintiffs' fraud claim without leave to amend.

### d.  Unfair Competition

California's Unfair Competition Law ("UCL") defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice..." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability." Birdsong v. Apple, Inc., 590 F. 3d 955, 959 (9th Cir. 2009). Standing under the UCL is limited to those who "suffered injury in fact and lost money or property as a result of… unfair competition." Cal. Bus. & Prof. Code §17204.

Here, Plaintiffs allege that Defendant violated the UCL's "unlawful" and "fraudulent" prongs. "By proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable." Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). To state a claim under the "fraudulent" prong of the UCL, a plaintiff must allege that the challenged practice is likely to deceive members of the public. Bardin v. Daimlerchrysler Corp., 136 Cal. App. 4th 1255, 1274 (2006). A UCL claim under the fraudulent prong must also allege the existence of a duty to disclose and actual reliance. Berryman v. Merit Prop. Mgmt., Inv., 152 Cal. App. 4th 1544, 1557 (2007); In re Tobacco II Cases, 46 Cal 4th 298, 328 (2009).

This court previously dismissed Plaintiffs' UCL claim under the "unlawful" prong because the claim relied on the dismissed breach of contract, unjust enrichment and breach of fiduciary duty claims. See Lomely v. JP Morgan Chase Bank, Nat. Ass'n, No. 12-CV-1194, 2012 WL 4123403 (N.D. Cal. Sept. 17, 2012) (dismissing a UCL "unlawful" prong claim because the predicate claim on which it relied had also been dismissed). In their SAC, Plaintiffs allege that Defendant violated the "unlawful" prong of the UCL because Defendant's "conduct constituted a breach of contract, unjust enrichment and fraud." SAC at ¶ 185, Dkt. No. 53. Plaintiffs' unjust enrichment claim was previously dismissed with prejudice. See Order at 19: 6-8. Plaintiffs' reliance on their breach of

---

[1] To the extent that Plaintiffs request discovery to assist them in finding additional class representatives to allow them to properly plead their fraud claim, that request is DENIED. Plaintiffs filed this action nearly two years ago and have revised their complaint at least three times. As such, they have had ample opportunity to locate suitable plaintiffs.

Case No.: 5:12-CV-01452-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

contract and fraud claims fail for the reasons set forth in the previous sections. Because the court already dismissed the unjust enrichment claim and now dismisses Plaintiffs' breach of contract and fraud claims, the court also DISMISSES Plaintiffs' UCL claim under the "unlawful" prong without leave to amend.

The court also previously dismissed Plaintiffs' UCL claim under the "fraudulent" prong because Plaintiffs failed to include factual allegations in their FAC to support their UCL fraud claim, let alone factual allegations sufficient to satisfy Federal Rule of Civil Procedure 9(b). Plaintiffs have again failed to satisfy this standard. In their SAC, Plaintiffs allege that Defendant's "business practices are fraudulent in that they are likely to deceive consumers into believing that they would be able to trade on eBay in accordance with their Agreement and without any other limitations if they strove to adhere to the minimum standard, when in fact, eBay has been in practice [sic] of suspending their seller accounts in an arbitrary fashion." SAC at ¶ 184, Dkt. No. 53. Plaintiffs, once again, have not identified any particular statement or practice on the part of Defendant on which they base their claim, let alone any statement or practice having the likelihood to deceive the public. See Bardin, 136 Cal. App. 4th at 1274. Nor have they alleged that Defendant had any duty to disclose or any reliance on Defendant's misrepresentations. See Berryman, 152 Cal. App. 4th at 1557; see also In re Tobacco II Cases, 46 Cal. 4th at 328. To the extent that Plaintiffs attempt to identify fraudulent statements, the court agrees with Defendant that the statements identified by Plaintiffs do not refer to specific language in the User Agreement or "Help" articles that form the basis of Plaintiffs' "beliefs." See SAC at ¶ 183-184, Dkt. No. 53. Therefore, for the reasons stated in this Order and in this court's previous Order, the court DISMISSES Plaintiffs' UCL claim under the "fraudulent" prong without leave to amend.

### e.   Money Had and Received

The court previously dismissed Plaintiffs' "money had and received" claim because it appeared to be nothing more than a reiteration of their demand for compensatory and other damages. California courts have held that when a common count is used as an alternative claim seeking the same recovery demanded in a specific cause of action based on the same facts, the common count may be dismissed if the cause of action is dismissed. McBride v. Boughton, 123

11

Case No.: 5:12-CV-01452-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1   Cal. App. 4th 379, 394-95 (2004). Plaintiffs' prayer for relief and claim for "money had and

2   received" are unchanged from the FAC and, again, appear to be nothing more than a reiteration of

3   their demand for compensatory and other damages. For this reason, the court DISMISSES this

4   claim without leave to amend.

5   **IV.    CONCLUSION AND ORDER**

6       For the foregoing reasons, the court GRANTS Defendant's Motion to Dismiss Plaintiffs'

7   Second Amended Complaint. Considering that Plaintiffs have failed to remedy deficiencies already

8   identified by the court in its previous order, the court finds that granting leave to amend would be

9   futile; therefore, all claims are DISMISSED without leave to amend. See Miller v. Rykoff–Sexton,

10  845 F.2d 209, 214 (9th Cir. 1988). As this Order terminates the case, the pending Motion to

11  Revoke Pro Hac Vice Status of Marina Trubitsky (Dkt. No. 68) and Motion to Intervene (Dkt. No.

12  73) filed by third party Reginald Burgess, the pending Motion to Continue Ruling on Motion to

13  Intervene and to Revoke Pro Hac Vice of Marina Trubitsky (Dkt. No. 80) filed by third parties

14  Reginald Burgess, Fred Rickel, Amy Rickel, and Lacy Reintsma, and the pending Motion to

15  Intervene and Disqualify Joseph Wood as Pro Hac Vice (Dkt. No. 82) filed by third parties

16  Reginald Burgess, Fred Rickel, Amy Rickel, Lacy Reintsma, and Caleb Reintsma are hereby

17  terminated as moot.

18      The clerk shall CLOSE this file.

19  **IT IS SO ORDERED**

20  Dated: March 19, 2014

21  _____

22  EDWARD J. DAVILA
    United States District Judge

23

24

25

26

27

28

Case No.: 5:12-CV-01452-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS